Prepared by State Reporter from Appeal Papers

Rowntree was the manager of the business and had a power of attorney given by the bankrupt which authorized him to draw and indorse checks for legitimate purposes of the business. The complaint alleged that Rowntree operated this concern for his own profit as a bucket shop; and that for the purpose of converting to his own use moneys of Scott Norris & Company, in fraud of said Norris and his creditors, he indorsed checks drawn by customers of Scott Norris & Company and deposited them in the defendant bank to the account of Peabody & Adams, a dummy corporation, which he had formed, and thereafter withdrew the funds and used them for his own purposes. The Appellate Division held that the bank was a mere depositary and the checks being drawn by a person authorized to make withdrawals, it was not liable.

*Caruthers Ewing* and *Tracy S. Voorhees* for appellant.
*John E. Joyce* and *Jeremiah F. Connor* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

J. R. MAYERS Co., INC., Appellant, *v.* THE W. F. POWERS COMPANY, Respondent.

*Contract — money had and received — agreement permitting subcontractor to collect direct for merchandise furnished under main contract — acceptance by subcontractor as part payment for amount due under contract of a sum in cash and a participating certificate — action by contractor to charge subcontractor with amount of certificate as cash received.*

*Mayers Co., Inc.,* v. *Powers Co.,* 218 App. Div. 578, affirmed.
(Argued June 15, 1927; decided July 20, 1927.)

APPEAL from a judgment, entered December 24, 1926, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict directed by the court and directing a dismissal of the complaint.

Prepared by State Reporter from Appeal Papers

Plaintiff having a contract to furnish calendars to a corporation sublet the contract to defendant under an agreement that plaintiff should collect the moneys due from the corporation and pay the same to defendant up to the amount due to it and retain the balance for its compensation. The agreement also provided that defendant might, if it deemed it necessary, collect direct from the corporation, accounting to plaintiff for any excess collected over the amount due it. The corporation became financially involved and its affairs were taken over by a creditors' committee with which defendant filed a claim and received in cash a sum of money and a participating certificate in payment of the indebtedness of the corporation to plaintiff. Defendant thereupon paid to plaintiff the excess of the amount received over the amount due to it. Plaintiff brought this action as for money had and received and sought to charge defendant with the amount of the participating certificate as cash received, having refused to accept the certificate although duly tendered to it by the defendant.

*Frederick Zorn* and *Joseph Kahn* for appellant.

*E. V. Conwell* and *Clinton H. Blake, Jr.*, for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v. HENRY STUTZENSTEIN, Appellant.

*Crimes — robbery and larceny — judgment of conviction affirmed.*

*People* v. *Stutzenstein*, 219 App. Div. 792, affirmed.

(Argued June 15, 1927; decided July 20, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered February 2, 1927, which affirmed a judgment of the Nassau County Court, rendered upon a verdict convicting the defendant of the crimes of robbery